**UNITED STATES**

v.

**Sergeant Gary W. STAFFORD, FR 439–98–2896, United States Air Force.**

**ACM S24598.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 6 March 1978.

Decided 25 July 1978.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips, Lieutenant Colonel Larry G. Stephens and Captain Douglas H. Kohrt. Captain Donald G. Rehkeph, Jr., filed a brief on behalf of the accused.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major Alvin E. Schlechter.

Before EARLY, HERMAN, ORSER and ARROWOOD, JJ.

## DECISION

ORSER, Judge:

Tried by a special court-martial; with members, the accused was convicted of absence without authority; two violations of a black marketing regulation; breach of restriction; and wrongful alteration of his military identification card, in violation of Articles 86, 92 and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 886, 892, 934. The approved sentence is a bad conduct discharge, confinement at hard labor for three months and reduction to the grade of airman first class.

We have carefully considered the errors asserted by the accused in his request for appellate representation, as well as those assigned by appellate defense counsel, and find them without merit. However, our review of the record discloses a failure of proof as to one of the offenses necessitating remedial action.

■ In Specification 1 of Charge II, the accused, a member of the United States Forces assigned for duty in the Republic of Korea, was charged with violating paragraph 34k, UNC/USFK/EA Regulation 60–1, dated 20 October 1977, by purchasing a television at Camp Humphreys, Korea, on 9 December 1977, for the purpose of illegal transfer or production of income through sale, barter or exchange. In partial proof of the offense, the government presented competent business entries showing the purchase by the accused of a television set from the Korean Regional Exchange on 9 December 1977.

In an effort to prove the remaining essential aspect of the offense, that is, the accused's criminal intent at the time he purchased the television set, the trial counsel called an Airman McCarthy to the witness stand. The witness disclosed that he was a co-worker of the accused and his accomplice in the other charged violation of the merchandise control regulation. McCarthy testified that during the latter part of *November 1977*, the accused told him that he "purchased a TV for Mr. Kim [at Camp Humphreys] and he has received $200 for doing it."

As evident from Airman McCarthy's testimony, the accused's purported television transaction with Mr. Kim distinctly antedated the established date the accused purchased a television set from Camp Humphreys. No effort was made by any of the trial participants to clarify Airman McCarthy's recollection of the date of his conversation with the accused, nor did the government present any other evidence to show the accused's purpose respecting the television set the record clearly establishes he

purchased on 9 December 1977, the date of the alleged offense.

With the evidence in this posture, we would be obliged to forsake the rules of logic to conclude, as the factfinders did below, that by some means the accused illegally transferred a television set to Mr. Kim a considerable period of time before he purchased and acquired possession of the property. Evaluating the evidence of record without recourse to speculation and conjecture, as we must, we are constrained to conclude that the television set the accused alluded to in his conversation with Airman McCarthy was not the same property referenced in the charged offense.*

Pursuant to our statutory responsibility under Article 66(c), Code, supra, we find that the government's proof is insufficient to establish beyond a reasonable doubt that the television set the accused purchased on 9 December 1977, was acquired for the purpose of illegal transfer or production of income through sale, barter or exchange, as required by the offense. See *United States v. Bethea,* 22 U.S.C.M.A. 223, 46 C.M.R. 223 (1973). Accordingly, the finding of guilty of Specification 1 of Charge II is incorrect in fact and is set aside and dismissed.

■ Reassessing the sentence on the basis of the remaining findings of guilty, and the record as a whole, we find appropriate only so much thereof as provides for confinement at hard labor for three months and reduction to the grade of airman first class. The findings of guilty and the sentence, both as modified herein, are

AFFIRMED.

EARLY, Chief Judge, and HERMAN and ARROWOOD, Judges, concur.

---

* Of course, there is no indication in the record that in reaching their guilty finding the court members forsook the strictures of logic. A far more likely basis for the result is that the participants simply overlooked the time discrepancy discussed above. In our evaluation for sufficiency, we are bound by the evidence contained in the record. See *United States v.*

*Bethea,* 22 U.S.C.M.A. 223, 46 C.M.R. 223 (1973); *United States v. Swanson,* 9 U.S.C. M.A. 711, 26 C.M.R. 491 (1958); *United States v. Lanford,* 6 U.S.C.M.A. 371, 20 C.M.R. 87 (1955). Thus, for example, we may not speculate that the witness McCarthy conversed with the accused during the latter part of December 1977, rather than November as he testified.